LUKE E. WRIGHT, Attorney-General, etc., *v.* COUNTY OF SHELBY.

1. DISTRICT ATTORNEY-GENERAL. *Fees of. Costs. Office and Officers. Motions against circuit clerks.* The District Attorney-General is entitled to a fee of $2.50 only in each case of failure by clerk to enroll cases determined in his court, such failure being a misdemeanor.
Code cited: Section 4545.

2. SAME. *Same. Statute of limitations.* In pursuance of his duty under Sec. 3228 of the Code, the District Attorney-General can have his motion against delinquent clerks at any time, until the proper statute of limitations forms a bar.
Code cited: Section 3228.

3. SAME. *Same. County liable for fees. When.* In cases where execution upon the motion is returned *nulla bona,* the county, in which such motion is made, is liable for fees of the District Attorney-General.
Code cited: Sections 4542, sub-sec. 15, 4543–4, 5585–6, 5569–70.

---

FROM SHELBY.

---

Appeal from the Circuit Court. C. W. HEISKELL, Judge.

W. C. FOLKES for the appellant.

J. A. TAYLOR and M. MERRIWETHER for defendant.

FREEMAN, J., delivered the opinion of the court.

Plaintiff, as attorney-general, moved for judgment against Boyle, clerk of the second circuit court of Shelby county, in the city of Memphis, for the failure to enroll cases determined in his court, in which he

had collected enrolling fees. There were upwards of nineteen hundred cases in which such failure had occurred. Judgments were had in all the cases in favor of the county trustee, for the use of the county against said clerk. These motions were made by order of the court, upon report of the fact of delinquency on the part of the clerk, made by the attorney-general. The motions were made under Section 3228 of the Code, which is as follows:· "Each district attorney of this State shall examine the offices of the clerks of his district at any time of the court, whether enrollments have been properly made or fees charged for enrollments not made, and shall proceed against the clerk guilty of official delinquency, and move for the fees illegally charged, and shall receive a tax fee of five dollars for each case." The judgment rendered against the clerk amounted to upwards of five thousand dollars, and a tax fee was ordered in favor of the attorney-general of five dollars in each case, together with other costs, for which an execution was awarded. The execution was returned by the sheriff *nulla bona*, and thereupon the attorney-general, in January, 1876, moved the court for judgment over against the county of Shelby, based on said return, for the amount of his fees, to-wit, five dollars in each case, as adjudged in the original judgment against Boyle, and asked the court to certify the same to the chairman of the county court for payment. The court refused the motion, holding the county not liable for such fees by law, and taxed the attorney-general with the costs of his motion. A bill of exceptions was tendered, and the

case brought by appeal in the nature of a writ of error to this court.

The question is, as to the 'correctness of this ruling of the court below.

Boyle was elected clerk in March, 1870, and went out of office 1st of September, 1874. Wright was elected attorney-general in 1870. The motions were made against Boyle in May, 1875, and judgment rendered in July of that year. The cases in which Boyle was delinquent had been accumulating for each year of his official term, only one hundred and eighty-seven of them being for 1874, the last year in which he was clerk. It is perhaps proper to state, that Boyle himself was known by the attorney-general to be insolvent at the time the motions were made, but that one or more perhaps of his sureties on his official bond was understood to be good and solvent.

The ruling of the judge below in this case is sought to be maintained in argument here on several grounds, which we proceed to notice, so far as we deem material to the decision of the question before us.

It is insisted the motions could only be made at each term of the court after it occurred, the statute allowing the clerks six months after determination of cases in which to perform this duty, and the section 3228 requiring the attorney-general to make his examination of the offices of clerks at any term of the court. The examination is to be made by the district attorney at each term of the court, and the proceeding is expected by the statute to follow, as a matter of course, the ascertainment of the offense; but it does

not follow that if for any cause the attorney-general
has failed to ascertain the delinquency at the first
term, or even failed to make the motion when he had
ascertained it, therefore it could not be made at all.
Time was not intended to be essential to the right in
this case—in fact the Legislature did not intend to fix
the first term after the offense, as the only one at
which the motion should be made, but only provided
it should be done after ascertainment of the liability—
as a matter of course the motion would be subject to
the bar of the proper statute of limitation.    We think
there is nothing in the objection.    Nor do we think
there is any objection to the fact of making a motion
in each case where the clerk has been delinquent.
The statute by its language evidently contemplates a
motion in each case of failure and gives the attorney-
general " a tax fee of five dollars for each."    In the
case of Alston, before us some years since, motions
were made in each case, and judgments rendered on
the cases before us separately, although this objection
seems not to have been urged by the learned counsel
who argued that case.

The main question in this case, and the one on
which it must turn is, whether the county is liable
under the Code to pay the fees taxed in favor of the
attorney-general at all.    This being a question de-
pending entirely on statutory provisions, we proceed to
examine what is the law on this question.

In addition to the provision in 3228, giving a tax
fee of five dollars in each case, Section 4542, sub-sec.
15, gives the fee of five dollars for proceeding against

Wright *v.* County of Shelby.

·clerk for delinquency in enrolling cause. Section 4543 provides that the fees in the foregoing section are to be taxed in the bill of costs and collected from the defendant whenever prosecutions or proceedings have been successful. The next section provides, where the prosecutions and proceedings have been unsuccessful, ·or *the money cannot be* collected from the defendants, or the prosecution is charged with the costs, the fees of the attorney-general are paid out of the State or county treasury as other costs in criminal cases.

It is somewhat ingeniously argued that according to section 4544 there must "be prosecutions and pro- ·ceedings," and that as this is held to be a civil pro- ·ceeding, the two elements were not combined in the ·case that authorize the payment of costs by the county. The language is somewhat inartificial, but does not admit in fairness of this construction. The reference is evidently to the short fee bill given in the 18th ·sub-section of section 4542, which provides for certain fees in various cases; some of prosecutions, as for ·" each prosecution where the grand jury finds a true bill, but the case is terminated without a trial, $3.00; for successfully prosecuting vendors of lottery tickets, ·$25.00," and in other sections, for various *proceedings* against delinquents, among others, *proceedings* against clerks for failure to enroll cause. It did not intend that there should necessarily be both a prosecution, that is, a criminal proceeding, and also other proceed- ings in the same case, in order to ·entitle the attorney- general to his costs, but only uses the word proceed- ·ings in reference to the proceedings referred to, as

contradistinguished from prosecutions, used in the section, thus providing for both cases.

The question in this case really must turn on the proper construction of the provisions of the Code we have just been commenting on, and if a proceeding like this, or this proceeding is one of the proceedings contemplated in sec. 4544, then the question, on a fair construction of its language and purpose, in connection with the other sections in same chapter, as well as general rules on this subject, is, shall the county or State pay the tax fee of the attorney-general?·

The chapter commences in first section by giving salary of attorney-general of the State, and then on to the end of the chapter is devoted to fees of district attorneys. This is the special subject of the chapter. We then look again at its language. It first provides for the payment of the district attorney's fees, when the prosecutions and proceedings have been *unsuccessful;*· second, or the money cannot be collected from the defendants, or the prosecutor is charged with the costs, the fees of the attorney-general are paid out of the State or county treasury, as other costs are paid in criminal cases. Costs in other criminal cases, or other costs in criminal cases, are provided for in Art. 2d, Title 8, especially from section 5585 on to the end of the article. The above section provides for the State or county in which the offense was committed, or is triable, paying costs in cases subsequently enumerated; sub-sec. 5, where the defendant has been convicted, but the execution issued has been returned *nulla bona.* Then follows section 5586, providing in what criminal

Wright *v.* County of Shelby.

prosecutions the State shall pay the costs, that is, in cases where the party is punishable with death, or confinement in penitentiary; and next section provides, that similar costs in criminal prosecutions for offenses punishable *in any other* way than specified in last section, shall be paid by the county. Sections 5569 and 5570 regulate the mode of verifying the bill of costs by the judge or court before whom the case was tried, and by the district attorney; and that a copy of the judgment and bill of costs, (which is required to be entered of record in previous section), certified by the clerk, and by attorney-general and court, shall be presented to the comptroller, chairman of county court, or county judge, as the case may be, and shall be pad ot eht clerk or other authorized person. The motion in this case simply asked that the court perform this duty, which he refused to do—but held the county not liable at all. In this view we hold he was wrong. For proper costs the county was liable, and if the bill of costs was not correct in its terms, on examination, as required by section 5569, then he should have corrected it, and given judgment, or made the proper entry of the true amount, and certified that, as required.

Was five dollars the true amount? By section 4545 it is provided: "In *no* case of misdemeanor, however, where the county pays the costs, shall the attorney-general's tax fee be more than two dollars and fifty cents." As correctly argued for the attorney-general Wright, "The official delinquency which is the basis of this civil proceeding, is a *misdemeanor*." Giving

this section a fair construction, we cannot avoid the conclusion, that it must be held to apply in this case, and the true amount of fee shall be the two dollars and fifty cents, as allowed or required by this section. The form of the proceeding, whether by indictment or motion in the nature of a civil proceeding, as this was held to be in Alston's case, cannot change the application of the section. It was a proceeding for a misdemeanor, the Legislature authorizing this civil proceeding as the form of the remedy in the particular case, but this does not change the essential nature of the offense for which the proceeding was prosecuted. This being so, we think it follows the correct fee should have been two dollars and fifty cents, instead of five dollars.

We here may remark in closing this opinion, that we think the only real difficulty in the case grows out of the fact of the very large number of. cases, and consequently large amount of costs to be taxed. Had it been only ten cases, we hardly think any objections, such as are presented, as we have no doubt in great earnestness by zeal of counsel, would ever have been thought of. The question of the amount is one with which we have nothing to do; our duty but demands we shall fairly ascertain the law, and when this is settled, it must take its course, results or consequences of laws being matters of legislative consideration, but not for us, so far as to swerve our judgments from the clearly ascertained path of duty—when this is seen, we are but to follow it, and give our judgments in accord with the mandate of the law.

We do not deem it necessary to refer to other matters presented in the able argument filed with us for the county. The questions discussed we deem conclusive of the case. Judgment will be entered here in accordance with this opinion, we giving such judgment as the court below should have given.